UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACOBY MAIZE                                                                CIVIL ACTION

VERSUS                                                                       NUMBER: 13-5911

SUE ELLEN MONFRA, ET AL.                                                     SECTION: "N"(5)

**REPORT AND RECOMMENDATION**

Pursuant to an order of remand from the presiding District Judge (rec. doc. 26), this matter is once again before the Court for further consideration and proceedings. For present purposes suffice it to note that at the time that this case was previously before the undersigned, Plaintiff had failed to respond to the Court's Briefing Order (rec. doc. 17) and a subsequent order for him to show cause why he had not done so (rec. doc. 18) because he had been transferred to a different jail facility and had not kept the Court apprised of his current mailing address as required by Local Rule ("LR") 11.1. (Rec. docs. 20, 21, 23). That led to the issuance of a Report and Recommendation recommending that Plaintiff's lawsuit be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.3.1. (Rec. doc. 22). Plaintiff subsequently filed a response to the Court's Briefing Order (rec. doc. 24) and an objection to the Report and Recommendation (rec. doc. 27); in the interim, the order remanding this case had issued. (Rec. doc. 26).

Following the order of remand, the Court scheduled a preliminary conference to go forward on October 15, 2014 (rec. doc. 28), with Plaintiff's address of record at that time being the LaSalle Correctional Center ("LCC") in Olla, Louisiana. (Rec. doc. 27). Before that conference took place, the Court was advised by the Warden of LCC that Plaintiff had been

transferred to the Riverbend Detention Center ("RDC") in Lake Providence, Louisiana. (Rec. doc. 29). Accordingly, the preliminary conference was rescheduled for October 29, 2014 to afford jail officials at RDC sufficient time to make the logistical arrangements for Plaintiff to participate in the conference via telephone. (*Id.*).

On October 28, 2014, the day before the then-scheduled conference was to take place, the Court was again advised by a source extraneous to Plaintiff that he had been transferred yet again, this time to the Concordia Parish Correctional Facility ("CPCF") in Ferriday, Louisiana. (Rec. doc. 30). Given that development, the preliminary conference had to be continued once again, to November 17, 2014, to provide time for Plaintiff to be made available to participate in the conference via telephone at his new housing location. (*Id.*). The preliminary conference ultimately went forward on November 17, 2014, during which the parties orally agreed to consent to proceed to trial before undersigned Magistrate Judge pursuant to 28 U.S.C. §636(c). (Rec. doc. 31). As was discussed during the conference, Plaintiff was mailed, along with a copy of the minute entry of November 17, 2014, the customary form patterned after that prescribed by Rule 84, Form 81, of the Federal Rules of Civil Procedure ("Consent Form") for the purpose of memorializing the parties' election, same to be signed by him and returned to the Court for forwarding to and execution by defense counsel. (*Id.*). Unfortunately, the copy of the Court's minute entry of November 17, 2014 and attached Consent Form that were mailed to Plaintiff at his address of record were returned to the court as undeliverable on December 1, 2014 as Plaintiff is apparently no longer housed at CPCF. (Rec. doc. 32). As such, the Court's order directing Plaintiff to execute and return the Consent Form has not been complied with. It has now

2

been over thirty-five days since that piece of mail was returned to the Court as undeliverable and no address update has been forthcoming from Plaintiff.

As noted in the Court's previous Report and Recommendation that was issued in this matter, LR 11.1 provides that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 41.3.1 further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of a current . . . postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return." The foregoing Rules impose an affirmative obligation on parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1246, 128 S.Ct. 1479 (2008); *Thomas v. Parker*, No. 07-CV-9450, 2008 WL 782547 (E.D. La. March 19, 2008); *Batiste v. Gusman*, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007). The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." *Perkins v. King*, 759 F.2d 19 (5th Cir. 1985)(table).[1/]

The Court has once again endeavored to take those steps that were necessary to place Plaintiff's case in a proper posture to be litigated to its completion. Unfortunately, those efforts have been thwarted principally due to Plaintiff's failure to keep the Court apprised of his current mailing address as required by LR 11.1. Although Plaintiff may

---

[1/] Because Plaintiff is incarcerated, communication with him is primarily conducted via mail, unlike other represented civil litigants who have access to the CM/ECF system.

have no control over his transfer from one jail facility to another, the Local Rules and case law cited above put the obligation squarely on him to promptly notify the court of any change in his mailing address.  Plaintiff was made abundantly aware of this obligation not only through the declaration contained within his original complaint that he signed under penalty of perjury (rec. doc. 3, p. 6) but also through the Report and Recommendation that was previously issued in this matter. (Rec. doc. 22).  Moreover, the Court's minute entry of November 17, 2014 was simply a memorialization of what transpired during the course of the preliminary conference.  Having participated in that conference, Plaintiff was well aware that the Consent Form was being mailed to him for his prompt execution and return to the Court.  It should also be noted that the Court was made aware of Plaintiff's transfer from LCC to RDC (rec. doc. 29) and from RDC to CPCF (rec. doc. 30) not through any affirmative act on his part but based on information provided by the transferor facilities. However, neither those facilities nor the Court have an independent duty to track Plaintiff's movement through the state penal system.  Finally, as a result of Plaintiff's inaction and through no fault of their own, the Defendants have unfairly been cast into what is effectively a "litigation limbo" while they wait for Plaintiff to surface and continue with the prosecution of this lawsuit.  For these reasons, it will again be recommended that Plaintiff's lawsuit be dismissed with prejudice pursuant to Rule 41(b), Fed. R. Civ. P., and Local Rule 41.3.1.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's lawsuit be dismissed with prejudice pursuant to Rule 41(b), Fed. R. Civ. P., and Local Rule 41.3.1.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 12th day of January, 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE